UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MADALYN M. SOULLIERE, | Civil Action No. 23-10596 |
| Plaintiff, | Matthew F. Leitman |
| v. | United States District Judge |
| NORMA HERR WOMEN'S CENTER, | David R. Grand |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

On March 14, 2023, *pro se* plaintiff Madalyn M. Soulliere ("Soulliere") commenced this action against the Norma Herr Women's Center (the "Center"). On December 26, 2023, the Court issued a Report and Recommendation ("R&R") recommending that Soulliere's complaint be dismissed without prejudice, explaining that the complaint should be dismissed because it was confusing, verbose, and unintelligible, and did not comply with Federal Rule of Civil Procedure 8, which governs the form of a complaint. (ECF No. 24, PageID.117 ("[B]ecause the complaint is full of unspecific and/or irrelevant matter, and is in many instances simply incomprehensible, it is impossible to discern what factual allegations are being pleaded to establish liability against the Center, which is the only named defendant in this case."). The R&R further explained that a dismissal without prejudice meant that Soulliere could re-file her complaint, and instructed Soulliere that if she chose to do so, her amended complaint must: (1) conform to Rule 8's requirements; (2) specify each claim raised against the Center; (3) be limited to the salient facts supporting

each asserted claim; (4) omit the type of extraneous matters scattered throughout her complaint that were untied to any specific facts or cause of action; and (5) clearly specify why individuals identified in the complaint are relevant to her claims, what conduct such individuals are accused of, and how such conduct by these individuals raises liability against the Center. (*Id.*, PageID.120).

On January 17, 2024, the Honorable Matthew F. Leitman entered an Order adopting the R&R, dismissed Soulliere's complaint without prejudice, and granted her leave to file an amended complaint "as described in the R&R by no later than **February 19, 2024**." (ECF No. 25, PageID.124). The Order clearly warned that "Soulliere's failure to file a First Amended Complaint by February 19, 2024, that complies with the applicable Federal Rules of Civil Procedure may result in the dismissal of her case with prejudice." (*Id.*).

On February 20, 2024, instead of filing an amended complaint, Soulliere filed a document titled "Answer to Motion to Dismiss." (ECF No. 26). Even liberally construed, such document cannot be construed as an amended complaint, at least not one that meets the requirements described in the R&R. The filing ignores those requirements and instead alleges more of the same stream-of-consciousness statements regarding entirely new, but still wholly unclear events, such as:

- "Under 18 USC Section 1519 Norma Herr destroyed evidence that could and would have been used in the disappearance of 27 children missing from May 2, 2023 – May 16, 2023, and 150 children missing from Cleveland to Akron Ohio in a 2 month period." *Id.*, PageID.126-27.

- "Letter from James Coleman. Never answered the subpoenas there is a federal court within 100 miles and since their lawyer is in Michigan that evidence is pertinent to further investigations." *Id.*, PageID.127.

2

- "On April 26, 2023, I made a police report about 2 persons calling me from Cleveland to Michigan.  One being Norma Herr's Bank and the other being a psychologist in Cleveland per Norma Herr.  Ohio already cancelled my [illegible] and DHS case ending my Voter's Registration and I never had a Driver's License from Ohio so any harassment would fall under [Federal Statute 18 USC 2425].  I was told that several persons came from Norma Herr to Michigan.  Made many police reports and attempts to get the harassment to stop but Cleveland Police Dept wouldn't even answer the subpoena.  The Cleveland D.A. answered the phone after hours in April.  The harassment was so bad I contacted Washington DC FBI." *Id.*, PageID.128-29.

- "Not only has Norma Herr destroyed their reputation and committed atrocities to myself but interfered in the investigations that started so long ago those children could be dead or worse." *Id.*, PageID.130

- "Started with psychological abuse in March 2023 stating that I was harassing her staff that [illegible] was Garrett Thomas from Norma Herr getting MOREST Shelter involved 'Bow Down to Keisha.'  Getting Community Housing Network involved." *Id.*, PageID.130-31.

In short, this filing does not comply with the Court's Order.  It is not possible to read it as an amended complaint, as it makes no attempt to specify any claim raised against the Center and fails to allege any facts that could support any discernable claim.  Indeed, Soulliere's most recent filing completely disregards the Court's instructions regarding the submission of an amended complaint, and instead asserts more seemingly random statements that fail to state any claim for relief.  The only allegation made against the Center that is even somewhat comprehensible is the one in which Soulliere accuses it of violating 18 U.S.C. § 1519, which makes it unlawful to, *inter alia*, knowingly destroy evidence "with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . ." 18 U.S.C. § 1519.  Specifically, Soulliere alleges that the Center

3

"destroyed evidence" that is allegedly related to "the disappearance" of more than 150 children in Ohio. While the allegation is alarming, Soulliere, as a private citizen, cannot sue the Center for violating a criminal statute, *see United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003), and she provides no factual information that would otherwise suggest she could state a claim for relief based on the Center's alleged conduct.

Because Soulliere has failed to file an amended complaint to date, much less one in accordance with the Court's specific instructions by February 19, 2024, this case should be dismissed with prejudice. *See* Fed. R. Civ. P. 41(b) (authorizing the court to dismiss a case for failure "to comply with [the Federal Rules of Civil Procedure] or a court order."). Soulliere's most recent filing makes clear that there would be no utility in imposing a lesser sanction, as the Court already provided her with an opportunity to file an appropriate amended complaint when it denied without prejudice the Center's prior motion to dismiss, and warned her that her failure to do so could result in the dismissal of her case with prejudice.

Accordingly, **IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE**.

Dated: March 22, 2024                    s/ David R. Grand
                                                          DAVID R. GRAND
                                                          UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager